a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KEITH J GERALD #591112,<br>Plaintiff | CIVIL DOCKET NO. 1:24-CV-01587<br>SEC P |
| VERSUS | JUDGE DRELL |
| CHRISTOPHER GOAD ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Keith Gerald ("Gerald"), an inmate at the Concordia Parish Correctional Center ("CPCC"). Gerald alleges the violation of his constitutional rights by Assistant Warden Christopher Goad ("Goad") and Sheriff Hendrix.

Because Gerald should be an afforded an opportunity to provide additional allegations, he may AMEND the Complaint.

I.   Background

Gerald alleges that on June 6, 2024, Warden Goad pulled him out of a chair, threatened him, rammed his head against the wall, and threw him down the hall. ECF No. 1 at 5-6. Gerald alleges that he filed an administrative remedy at each level but received no responses. ECF No. 1 at 2.

Gerald asserts that Warden Goad left handprints around his neck, which were noticed by other inmates. He claims that he should have received a medical evaluation after the incident. *Id.*

1

## II. Law and Analysis

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1 (1992). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Wilkins v. Gaddy*, 559 U.S. 34, 37–38 (2010) (citing *Hudson*, 503 U.S. at 9–10). An inmate who complains of a "'push or shove'" that causes no discernible injury almost certainly fails to state a valid excessive force claim. *Hudson*, 503 U.S. at 9.

Additionally, § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Although Gerald believes he should have been transported to the hospital after the incident, he does not allege to have suffered any injuries. Nor does he allege that he ever requested medical care.

Ordinarily, "a pro se litigant should be afforded an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Therefore, Gerald may amend his Complaint to explain what, if any, injury he suffered from the alleged use of force and to state whether he requested medical treatment from staff at CPCC following the incident. If he did request medical care,

he should state the dates on which each request was made; to whom the request was made; whether the request was verbal or written; and whether he was ever examined.

III.   Conclusion

To allow Gerald an opportunity to provide additional factual allegations, IT IS ORDERED that he be provided 30 days from the date of this Order within which to AMEND the Complaint.

SIGNED on Thursday, March 6, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE